DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment in favor of Wayne L. Snyder, plaintiff below and appellant herein, on his claims against Fred Watkins, defendant below and appellee herein.
 {¶ 2} Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY HOLDING THAT AN UNLAWFUL DETENTION OF PROPERTY DOES NOT CONSTITUTE AN ACTUAL LOSS OR INJURY." *Page 2 
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY HOLDING THAT DENIAL OF A PREJUDGMENT WRIT OF REPLEVIN OPERATES TO GIVE LAWFUL POSSESSION TO THE PERSON HOLDING THE PROPERTY."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DEDUCTING FROM THE APPELLANT'S DAMAGES, AND FROM THE AWARD OF ATTORNEY FEES, AN AMOUNT TO COMPENSATE THE LOSING PARTY FOR A CLAIM TO WHICH HE WAS NOT ENTITLED."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ITS FAILURE TO ADMIT COMPETENT AND PROBATIVE EVIDENCE OF DAMAGES."
 {¶ 3} Appellant is the owner of a 2000 Oldsmobile Alero. He intended to give the automobile to his granddaughter, Brittany, when she turned sixteen. The vehicle, which had in excess of 92,000 miles at the time he acquired it, was in deteriorated shape and Brittany decided to "upgrade" the vehicle, including the installation of a "body kit." They eventually came into contact with appellee, who is self-employed in the auto-body and painting business.[1]
 {¶ 4} Although the particulars of what exactly occurred are contested, no dispute exists that the vehicle was delivered to appellee's business. Appellee then painted the vehicle and installed the body kit. It is also undisputed that appellee *Page 3 
refused to return the vehicle to appellant until he received payment for his work.
 {¶ 5} Appellant commenced the instant action on December 6, 2006. Appellant alleged that the vehicle was delivered to appellee solely to obtain an estimate for the work. Appellee, however, failed to give appellant a written estimate, as the Ohio Consumer Sales Practices Act (CSPA) requires, and wrongfully retained possession of the vehicle when asked for its return. Appellant demanded replevy of the car, damages and attorney fees. Appellee denied liability and counterclaimed, inter alia, for the work performed on the vehicle. Appellant denied any liability on the counterclaim.
 {¶ 6} On July 18, 2007, the trial court entered partial summary judgment for appellant. The court concluded that no genuine issue of material fact existed that appellee failed to provide a written estimate for the work as the law required. Consequently, the court held that appellee could not recover for work done on the vehicle and granted summary judgment in appellant's favor on his CSPA claim. The court also entered judgment against appellee on his counterclaim and ordered appellee to return the vehicle to appellant.
 {¶ 7} On August 7, 2007, the matter came on for a hearing to consider damages. Because Brittany was to use the car to drive herself and her sister to school each day, appellant requested $10 per day in damages for the ten months that he had to drive the girls to school.[2]
Brittany testified, however, that she drove her grandfather's jeep to school. On the issue of attorney fees, a statement was introduced to show that *Page 4 
appellant's counsel billed $3,187.50 to that point for his work on the case. Deborah Barrington, a local attorney, testified as an expert that such fees are "very reasonable if not conservative."[3]
 {¶ 8} The trial court's final judgment found that appellant had not established "actual economic damages." Thus, the court awarded appellant statutory damages in the amount of $200, as well as attorney fees. However, the court applied the $2,500 owed to appellee for the improvements he made to the car as an offset against both the damages and attorney fees and entered final judgment for appellant in the amount of $1,950. This appeal followed.
 I {¶ 9} Before we address the assignments of error on their merits, we pause to address the appropriate standard of review. The only issues before us are the trial court's damage award under the CSPA. Insofar as the determination of those damages turn on the trial court's factual findings, we will affirm the judgment if supported by some competent, credible evidence. See Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7,10, *Page 5 722 N.E.2d 1018; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. We recognize that this standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent reversal. See Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; Willman v.Cole, Adams App. No. 01 CA725, 2002-Ohio-3596, ¶ 24.
 {¶ 10} The application of the CSPA to the facts, however, presents us with questions of law. We review legal determinations de novo without any deference to the trial court. Snyder v. Southeastern LocalS.D., 171 Ohio App.3d 544, 871 N.E.2d 1250, 2007-Ohio-453 at ¶ 9;Woods v. Oak Hill Community Med. Ctr. (1999), 134 Ohio App.3d 261, 267,730 N.E.2d 1037; Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424,666 N.E.2d 304, 306. With these principles in mind, we turn our attention to the assignments of error.
 II {¶ 11} Appellant asserts in his first assignment of error that the trial court erred in finding that he had not suffered actual damages as a result of the loss of the vehicle.
 {¶ 12} R.C. 1345.09(B) provides that a consumer may recover for violation of the CSPA either "actual economic damages or two hundred dollars, whichever is greater." "Actual economic damages" means damages for direct, incidental or consequential pecuniary losses." Id. at (G). The evidence adduced at trial reveals that, although appellant owned the car, he purchased it for Brittany when she turned sixteen. No evidence was adduced to show that appellant had no transportation during this time frame and Brittany testified that she used another of her grandfather's vehicles. The only evidence of loss was appellant's request for $10 a day to compensate him for the *Page 6 
inconvenience of transporting his granddaughters to school. We agree with the trial court that this is not a pecuniary loss compensable under the statute. Accordingly, we hereby overrule appellant's first assignment of error.
 III {¶ 13} Appellant's second assignment of error challenges the trial court's finding that he was deprived of the vehicles use for 175 days, rather than 266 days. The difference between these numbers involves the court's denial of a prejudgment writ of replevin. Appellant argues that because the court denied such a writ, it erroneously treated the time appellee retained the automobile as constituting lawful possession.
 {¶ 14} We believe that the precise number of days that appellant was without the vehicle is relevant if the court awarded him the $10 per day in damages he requested. However, we find no error in the trial court's conclusion that appellant established no actual economic loss. Absent proof of such damages, any error in calculating the time appellant was without the vehicle is, at most, harmless error. See Civ. R. 61. Accordingly, we hereby overrule appellant's second assignment of error.
 IV {¶ 15} In his third assignment of error, appellant challenges the trial court's offset of his damages and attorney fees with the amount appellee claimed for work done on the car. We agree with appellant, albeit to an extent more limited than argued in his brief.
 {¶ 16} Our review of the August 7, 2007 damages hearing transcript reveals counsel for appellant "asking the court to set off against those damages [owed to his *Page 7 
client] what [appellee] was asking for those repairs, twenty-five hundred dollars." Further, in his post-hearing memorandum, appellant "suggested]" to the court that it was reasonable to deduct from his final damage award the amount owed appellee for work done on the vehicle. In light of these representations, we believe that any error in applying the offset to the $200 statutory damage award is barred by the invited error doctrine. This doctrine bars a party who induces error at the trial court level from taking advantage of the error on appeal. SeeState ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 359,626 N.E.2d 950; Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, 502 N.E.2d 590, paragraph one of the syllabus. Here, appellant invited the trial court to offset his damage award with whatever amount was owed appellee for the benefit conferred on the automobile. Appellant now cannot be heard to complain because he did not receive the amount of damages that he requested.[4]
 {¶ 17} Attorney fees, however, are another matter. Attorney fees are permitted under R.C. 1345.09(F). There is no provision in the statute to offset those fees by an amount owed to a supplier. Appellee also cites no authority for this proposition. Further, we decline to apply the invited error doctrine in this circumstance for the following reasons. First, the paint and "body kit" added to car is a benefit conferred by appellee to appellant. There is a degree of logic in allowing the damages awarded *Page 8 
appellant to be offset by the value of that benefit. Attorney fees, however, compensate counsel for work on a case and, in light of the fact that counsel received no benefit from appellee's work on the automobile, we see no reason why counsel's fees should be offset. Second, and more important, when the Ohio General Assembly enacted the CSPA, it did not provide the Ohio Attorney General with enforcement authority. Instead, enforcement was relegated to the private bar. In Bittner v. Tri-CountyToyota, Inc., 58 Ohio St.3d 143, 145, 569 N.E.2d 464, the Ohio Supreme Court explained the role of private counsel as an enforcement mechanism for these provisions as follows:
 "In order for private citizens to obtain redress under the Act, they first must be able to obtain adequate legal representation. Private attorneys may be unwilling to accept consumer protection cases if the dollar amount they are permitted to bill their adversary is limited by the dollar amount of the recovery, especially since monetary damages in many instances under the Act are limited to $200. An attorney may expend inordinately large amounts of time and energy pursuing a claim that reaps relatively small monetary benefits for a prevailing plaintiff. We agree with the observation of the United States Supreme Court when it said: `A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts.'" (Emphasis added.) (Citations omitted.)
Limiting the amount of the attorney fees by an amount owed to a supplier is tantamount to limiting such fees by the amount of recovery.Bittner rejected this view. This flys against the public policy of encouraging private attorneys to take these types of cases. We again note that in the instant case, appellee wrongfully retained appellant's vehicle. An attorney may not have been willing to become involved in this case, and retrieve appellant's vehicle, if he believed it possible that his fees could be reduced by the amount of any benefit that appellee conferred to appellant.
 {¶ 18} For these reasons, we agree that the trial court erred in offsetting against the attorney fees the amount appellant owed appellee for work performed on the *Page 9 
vehicle. Accordingly, we hereby sustain appellant's third assignment of error to this limited extent.
 V {¶ 19} Appellant asserts in his fourth assignment of error that the trial court erroneously refused to accept as evidence an automobile insurance policy that he proffered at trial. Although it is unclear exactly how that policy relates to the issue of damages, appellant contends that it was "intended to show that the ten dollars a day rate" he requested as compensation for deprivation of the use of automobile "was reasonable."
 {¶ 20} First, neither the policy, nor the "authentication certificate," establishes any link to appellant. The exhibit appears to be boiler-plate language and has questionable relevance to the proceeding. Second, even assuming arguendo that the exhibit was relevant, the admission or exclusion of relevant evidence is generally left to the trial court' sound discretion and its decision will not be reversed absent an abuse of discretion. See Peters v. Ohio State LotteryComm. (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290; Rigby v. LakeCty. (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056. We note that an abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyard by Marriott L.P. (1996),74 Ohio St.3d 440, 448, 659 N.E.2d 1242. When applying this standard, appellate courts are admonished not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1
(1991). 57 Ohio St.3d 135, *Page 10 
137-138, 566 N.E.2d 1181. Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Appellant has not persuaded us that the court's decision to exclude the policy was arbitrary, unreasonable or unconscionable. *Page 11 
 {¶ 21} Finally, even if we assume that the auto policy is relevant, and if we further assume that the trial court's ruling constitutes abuse of discretion, we nevertheless would conclude that the error is harmless. See Civ. R. 61. Here, appellant testified that he believed that ten dollars per day is a reasonable amount and the policy was cumulative to that testimony. Accordingly, for these reasons, we hereby overrule appellant's fourth assignment of error.
 {¶ 22} Having partially sustained the third assignment of error, we hereby modify the trial court's judgment pursuant to App. R. 12(A)(1)(b) to include the full $4,050.00 in attorney fees found to be reasonable by the trial court and awarded pursuant to R.C. 1345.09(F). As modified, the judgment is hereby affirmed. Additionally, in light of our foregoing decision and the applicable statutes, it appears that appellant should be awarded reasonable attorney fees for the prosecution of this appeal. Thus, we hereby direct appellant and appellee to submit to this court's magistrate evidentiary material, that may include affidavits or other evidence, that support in a detailed format the request for attorney fees and costs.
JUDGMENT AFFIRMED AS MODIFIED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed as modified and that appellant recover of appellee costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Harsha, J. McFarland, J.: Concur in Judgment Opinion
[1] It is unclear from the record what a "body kit" is or does. Brittany testified at the December 22, 2006 replevin hearing that "[i]t's like a ground effect" and changes the appearance of the car.
[2] The record indicates that appellant has custody of both his granddaughters.
[3] The final amount of the attorney fee award was somewhat higher than this figure, however, due to the time counsel put into the case both during and after the damages hearing.
[4] Although the trial court based its application of a damages offset on Meade v. Nelson Auto Group (Mar. 31, 1997), Union App. No. 14-96-45, our use of the invited error doctrine means that we need not, and do not, address the issue of whether we agree that such an offset is permitted to damages awarded a consumer under the CSPA. *Page 1