[Cite as *Taylor v. Herring*, 2014-Ohio-5638.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


GUY TAYLOR                              )        CASE NO. 12 CO 49
                                        )
        PLAINTIFF-APPELLEE              )
                                        )
VS.                                     )        OPINION
                                        )
JAMES HERRING, et al.                   )
                                        )
        DEFENDANTS-APPELLANTS           )


CHARACTER OF PROCEEDINGS:               Civil Appeal from the East Liverpool
                                        Municipal Court of Columbiana County,
                                        Ohio
                                        Case No. 12 CVI 00032

JUDGMENT:                               Reversed.

APPEARANCES:

For Plaintiff-Appellee:                 Guy Taylor, Pro se
                                        1711 Penn Avenue
                                        P.O. Box 1411
                                        East Liverpool, Ohio  43920


For Defendants-Appellants, James Herring       Atty. Christi M. Williams
and East Liverpool City School District        Atty. Megan D. Maurer
Board of Education:                             Pepple & Waggoner, Ltd.
                                               Crown Centre Building
                                               5005 Rockside Road, Suite 260
                                               Cleveland, Ohio  44131-6808


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                               Dated:  December 15, 2014

[Cite as *Taylor v. Herring*, 2014-Ohio-5638.]
WAITE, J.

{¶1} Appellant East Liverpool City School District Board of Education ("East Liverpool School Board") appeals the decision of the East Liverpool Municipal Court granting judgment to Appellee Guy Taylor in a dispute regarding a ticket refund for a concert that had been scheduled at East Liverpool High School. The East Liverpool School Superintendent, James Herring, cancelled the concert when the concert promoter, Terrance Smitherman (owner of the company producing the concert, T&T Promotions), failed to show proof of liability insurance. Many tickets had already been sold when the concert was cancelled. Appellee brought the action in small claims court seeking a refund for his unusable tickets, and named as defendants James Herring and Terrance Smitherman. Appellant East Liverpool School Board was substituted at trial in place of defendant Herring. The court awarded Appellee $170 for breach of contract, mainly because it found that Appellant was engaged in a joint venture with T&T Promotions. The court also held that Appellant violated the Ohio Consumer Sales Practices Act, R.C. 1345.02. This appeal followed.

{¶2} Appellant first argues that it was never made a party to the action and could not be held liable, as it was not under the jurisdiction of the court. The record reflects that Appellant acquiesced to the jurisdiction of the court at the beginning of trial and was properly substituted for Superintendent Herring as a defendant. Appellant then argues that, as a political subdivision, it is immune from prosecution for an alleged violation of R.C. 1345.02 or for negligence in deciding how to use school facilities. Appellant is correct as to both issues. Appellant also argues that it could not be liable for breach of contract for participating in a joint venture because it

is constitutionally prohibited from entering into a joint venture with a private business. Again, Appellant is correct. None of the theories of liability relied on by Appellee apply in this matter, and the judgment of the trial court is reversed.

History of the Case

**{¶3}** In August 2011, Smitherman contacted East Liverpool High School Principal Jack Cunningham for permission to use the school for a concert featuring the rap artist Bow Wow. Cunningham tentatively approved the concert and scheduled it for November 5, 2011. Smitherman began promoting the concert in September by preparing advertising flyers, creating a television commercial and selling tickets. Some tickets were sold at East Liverpool High School.

**{¶4}** Mr. Mark Reed, the Director of Buildings and Grounds for the school district, was in charge of reviewing applications for the use of school district property, preparing contracts on behalf of the school board for such use, and for enforcing the rules governing public use. On October 12, 2011, Reed prepared and executed a contract with Smitherman granting him the right to use the facilities on November 5th. The fee to the school board for using the property was to be in the profit made from parking and concession stand revenues. The contract specifically required Smitherman to provide proof of liability insurance coverage prior to the event.

**{¶5}** When the school board had not received proof of liability insurance by November 1, 2011, Reed told Smitherman that the permission to use the high school would be revoked if such proof was not delivered by November 3rd. The deadline passed with no submission of proof of insurance. Superintendent Herring immediately revoked the right to use the high school, and the concert was cancelled.

Smitherman promised to refund the money for those who had purchased tickets, but reneged on this promise.

**{¶6}** On July 25, 2012, Appellee filed a small claims action in East Liverpool Municipal Court against Smitherman and Superintendent Herring seeking a refund for tickets he purchased. Appellee alleged that he bought seven tickets at $35 per ticket. A hearing was held on August 27, 2012. At the start of the hearing, Herring's attorney (who was also counsel for the school board) made a motion asking the court to substitute the school board in place of the superintendent as a party defendant, since the school board was the real party in interest. The court granted the motion. After hearing the evidence, the court requested additional filings from the parties to aid in making a decision. After these were submitted, the court found in favor of Appellee. Appellant and Smitherman were found jointly and severally liable for $170 plus court costs. The court held that Appellant had violated R.C. 1345.02 by deceptively selling tickets prior to the fulfillment of the contractual preconditions for the use of the facilities. The court determined that Appellant was in privity of contract with the promoter by virtue of a joint venture because it was sharing in the profits of the event, and that Appellant had been negligent in waiting two months before requiring proof of liability insurance. This appeal followed. Appellee has not filed a brief, thus, we may "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

## ASSIGNMENT OF ERROR NO. 1

The Trial Court erred to the prejudice of the Board by sua sponte naming the Board as the "true party in interest" in its Decision, and rendering a judgment and making findings against the Board and/or the "East Liverpool School District" in that Decision.

{¶7} This is an appeal of a judgment by the small claims court. The standard of review for small claims court proceedings is abuse of discretion. *Sammartino v. Eiselstein*, 7th Dist. No. 08 MA 211, 2009-Ohio-2641, ¶8. The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Diso v. Dept. of Commerce*, 2012-Ohio-4672, 985 N.E.2d 517, ¶29 (5th Dist.).

{¶8} Appellant contends that it was not properly a party to this action and that any judgment rendered against it is void. Appellant argues that the only means for the court to obtain jurisdiction over the school board was for the small claims complaint to be properly served pursuant to the Rules of Civil Procedure. The Rules of Civil Procedure apply in small claims actions "[e]xcept as inconsistent procedures are provided in this chapter." R.C.1925.16. R.C. 1925.05(A) states: "Notice of the filing shall be served on the defendant as provided by the Rules of Civil Procedure." R.C. 1925.05 also provides the specific content of the notice that must be provided to the defendant in a small claims action.

**{¶9}** As a general rule, "a trial court is without jurisdiction to render a judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings," and "[a] person against whom such judgment and findings are made is entitled to have the judgment vacated." *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990). However, "[i]n order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156-157, 464 N.E.2d 538 (1984).

**{¶10}** Contrary to Appellant's claims, failure of service of summons is not the only factor that determines whether a trial court has jurisdiction over a party. If a party appears in court and submits to the court's jurisdiction, then failure of service of summons can be deemed waived. Since the record states that Appellant submitted to the court's jurisdiction at the start of trial (and actually asked to be substituted as the party defendant in this case), and because Appellant was represented by counsel at trial, there is no error in the failure to serve Appellant with the complaint. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The Trial Court erred to the prejudice of the Board in holding the Board and/or the "East Liverpool School District" jointly and severally liable to the Plaintiff-Appellee under the Ohio Consumer Sales Practices Act, O.R.C. §1345.02.

ASSIGNMENT OF ERROR NO. 4

The Trial Court erred to the prejudice of the Board in holding the Board and/or the "East Liverpool School District" jointly and severally liable to the Plaintiff-Appellee based upon negligence, as the Board is immune from such liability under the Ohio Political Subdivision Tort Liability Act.

**{¶11}** These two assignments of error are related and will be treated together. Appellant maintains that it could not have been held liable under a theory that it violated the Ohio Consumer Sales Practices Act, R.C. 1345.02, because it is immune from prosecution under this statute due to its status as a political subdivision. R.C. 1345.02 states: "(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." A "supplier" is a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions * * *." R.C. 1345.01(C). The allegation here is that the school board was engaged in soliciting consumer transactions by participating in the sale of concert tickets, and was deceptive or unfair when it did not refund the money for those tickets after the concert was cancelled.

**{¶12}** The school board argues that it is entitled to political subdivision immunity under Revised Code Chapter 2744. "Determining whether a political subdivision is immune from liability * * * involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v.*

*Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, ¶14 (9th Dist.). Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." This immunity covers negligence actions, but does not apply to breach of contract claims. R.C. 2744.09(A). "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser* at ¶16. "Finally, immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability." *Id.*; *see* R.C. 2744.03(A). For purposes of the immunity statute, a school board qualifies for general immunity since a public school district is a "political subdivision" pursuant to R.C. 2744.01(F), and providing a system of public education is considered a "governmental function" under 2744.01(C)(2)(c). *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶11.

{¶13} We have held that a political subdivision is immune from liability in a civil action alleging a violation of the Ohio Consumer Sales Protection Act, R.C. 1345.01 *et seq. Walker v. Jefferson Cty. Bd. Of Commrs.*, 7th Dist. No. 02 JE 14, 2003-Ohio-3490, ¶46. Since Appellee's negligence claim encompassed a claim for damages caused by an act or omission of the school board in connection with a governmental or proprietary function, the board also has immunity from the negligence claim. The only claim that may survive governmental immunity involves the alleged breach of contract. As there is no rebuttal from Appellee and no

allegation that an exception to immunity applies, Appellant's second and fourth assignments of error are correct and are sustained.

<u>ASSIGNMENT OF ERROR NO. 3</u>

The Trial Court erred to the prejudice of the Board in finding that the Board and/or the "East Liverpool School District" entered into a joint venture with Defendant-Appellee Terrance Smitherman, and in holding the Board and/or the "East Liverpool School District" jointly and severally liable to the Plaintiff-Appellee based upon such joint venture.

**{¶14}** Appellant argues that the basis for Appellee's breach of contract claim was the allegation that the school board was engaged in a joint venture with T&T Promotions, and as such, was jointly liable for the breach of contract committed by T&T Promotions. Here, the breach alleged is the sale of a concert ticket, cancellation of the concert, and refusal to refund the ticket price. A "joint business venture" is defined as: "[A]n association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill and knowledge, without creating a partnership, and agree that there shall be a community of interest among them as to the purpose of the undertaking, and that each coadventurer shall stand in the relation of principal, as well as agent, as to each of the other coadventurers * * *." *Al Johnson Constr. Co. v. Kosydar*, 42 Ohio St.2d 29, 325 N.E.2d 549 (1975), paragraph one of the syllabus. Appellant is correct.

**{¶15}** Boards of education are a legislative creation and have only the powers, rights, and duties established by the statutes governing them. *Snyder v.*

*Southeastern Local School Dist.*, 171 Ohio App.3d 544, 2007-Ohio-453, ¶11 (4th Dist.). When a board of education takes action outside of its authority under the law, such action is void. *Bd. of Edn. of City of Cincinnati v. Volk*, 72 Ohio St. 469, 479, 74 N.E. 646 (1905). The Ohio Constitution prohibits a board of education or any other political subdivision from entering into a joint venture with a private person or business. *State ex rel. Tomino v. Brown*, 47 Ohio St.3d 119, 121, 549 N.E.2d 505 (1989). Because Appellant could not enter into a joint business venture with Smitherman or T&T Promotions, it cannot be held liable for breach of contract on a theory that it was involved in a joint business venture and was somehow vicariously liable for the acts of T&T Promotions. Appellant's third assignment of error is correct and is sustained.

ASSIGNMENT OF ERROR NO. 5

> The Trial Court erred to the prejudice of the Board in awarding the Plaintiff-Appellee damages in the amount of $170, when such award was against the manifest weight of the evidence.

**{¶16}** Appellant argues that the judgment is against the manifest weight of the evidence. Due to the resolution of the previous assignments of error, this assignment of error is moot.

Conclusion

**{¶17}** Appellant has established that it was immune from liability for civil damages for a claimed violation of the Ohio Consumer Sales Practices Act and for general negligence, and thus the trial court erred in imposing liability on those grounds. The trial court also concluded that Appellant committed a breach of contract due to its involvement with a private company that was selling concert tickets. A school board of education, as a political subdivision, cannot enter into a joint business venture with a private person or business. Therefore, the trial court's decision to base liability on this theory also cannot be sustained. The trial court abused its discretion in imposing joint liability on the school board for the failure of the concert promoter to refund Appellee's ticket price, and the judgment of the trial court is reversed with respect to Appellant East Liverpool School Board. The judgment against the remaining defendant is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.