OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, City Concrete LLC, appeals the decision of the Mahoning County Court of Common Pleas denying its motion for relief from judgment. Because City Concrete failed to establish that its failure to respond to the underlying complaint was a result of excusable neglect, we cannot say that the trial court abused its discretion in denying City Concrete relief from default judgment.
 {¶ 2} On September 20, 2005 Benesch filed a complaint against City Concrete seeking recovery on an account for services rendered. The complaint was served by certified mail upon City Concrete. The certified mail receipt was signed by Amber Pence. Ms. Pence was not an employee of City Concrete. Rather, she was a temporary employee for R J Trucking, which shares office space with City Concrete. The president of City Concrete, John Annichenni, stated in an affidavit that he may have learned of the filing of a lawsuit or he may have been shown a complaint. However, Annichenni claims that Ms. Pence mishandled the complaint and did not place it where documents requiring City Concrete to contact its business attorneys were to be placed. Thus, City Concrete claims their attorneys were not contacted and they did not respond to the complaint.
 {¶ 3} On March 21, 2006, Benesch filed a Motion for Default Judgment which was granted by the trial court on April 7, 2006. City Concrete filed a Motion for relief from Judgment on May 9, 2006 based upon both improper service and excusable neglect. Without holding an evidentiary hearing on the motion, the trial court denied the motion on May 24, 2006.
 {¶ 4} As its first assignment of error, City Concrete claims:
 {¶ 5} "The trial court erred as a matter of law when it denied City Concrete's Motion for Relief from Judgment because City Concrete has a meritorious defense to Benesch's claim and is entitled to relief based on mistake or excusable neglect."
 {¶ 6} Civ.R. 55(B) empowers the court to set aside a default judgment in accord with the provisions of Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to *Page 2 
present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec,Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 7} The Supreme Court acknowledges the fine line this rule forces courts to tread, as the preference to hear a case on its merits must be balanced with the necessity of enforcing pleading rules and deadlines.WFMJ Television, Inc. v. AT T Federal Systems, 7th Dist. No. 01CA69, 2002-Ohio-3013 at ¶ 10 citing Griffey v. Rajan (1987), 33 Ohio St.3d 75,79, 514 N.E.2d 1122. It has been left in the trial court's discretion to decide the proper balance of policies regarding the grant of Civ.R. 60(B) motions. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564. Thus, unless an abuse of discretion is found, the ruling of the trial court will stand. WFMJ at ¶ 10. An abuse of discretion cannot be found merely because one reviewing the case would have decided it differently. Rather, abuse of discretion connotes that the decision was unreasonable, arbitrary or unconscionable. Syphard v.Vrable (2001), 141 Ohio App.3d 460, 463, 751 N.E.2d 564.
 {¶ 8} Here, Benesch does not challenge either the timeliness of the motion or the existence of a meritorious defense. Nevertheless, it appears that these elements of the GTE test have been met. City Concrete filed its motion within two weeks of the grant of default judgment and put forth the defense that it had already paid for services rendered. We now turn to the third element of the GTE test that Benesch asserts has not been met, that City Concrete's failure to file an answer in the underlying case was based upon excusable neglect.
 {¶ 9} Civ.R. 60(B)(1) states that a default judgment may be vacated if "mistake, inadvertence, surprise or excusable neglect are present." Excusable neglect has only been defined in the negative. The Ohio Supreme Court has articulated that neglect is not excusable if it is an act of complete disregard for the judicial system. Kay v. Marc *Page 3 Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102.
 {¶ 10} In Sycamore Messenger, Inc. v. Cattle Barons, Inc. (1986),31 Ohio App.3d 196, 509 N.E.2d 977, the First Appellate District upheld the finding of excusable neglect where a corporate officer's affidavit stated that a bookkeeper failed to forward the complaint to the appropriate person. In Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 607 N.E.2d 914, the Fourth Appellate District upheld the trial court's finding of excusable neglect where service was properly made on a corporation but a corporate employee failed to forward the summons and complaint to the appropriate person. In that case, the president of the company submitted an affidavit stating that neither he nor the general manager received the summons until three days after they fired an employee who continually failed to follow-up on jobs assigned to him.
 {¶ 11} In Perry v. General Motors Corp. (1996), 113 Ohio App.3d 318,680 N.E.2d 1069, the Tenth Appellate District agreed with the principle set forth in Hopkins, that relief from default may be granted on the basis of excusable neglect when service is properly obtained on the corporation but an employee fails to properly forward the complaint. The court addressed the concerns that its holding would give corporations an automatic tool to vacate default judgments by stating that this argument is persuasive only when there are no affidavits to demonstrate that the complaint never reached the appropriate party.
 {¶ 12} This court affirmed the granting of a Civ.R. 60(B) motion on the grounds of excusable neglect in WFMJ, where we observed that the case "teeter[ed] on the verge of inexcusable neglect unreasonably accepted by the trial court due to what appear [ed] to be cumulative neglect." Id. ¶ 22. However, given our standard of review, we deferred to the trial court, declining to hold that its decision crossed that line.
 {¶ 13} In WFMJ, the plaintiff sent the complaint and summons by certified mail; defendant did not challenge that the mailroom received the complaint and it had been properly served. Defendant, however, claimed the complaint was not properly forwarded to the appropriate department: either the mailroom employees or the employees in the billing department room failed to forward the documents to the proper department or to the supervisor of the billing room, who knew to forward it to the proper department. The *Page 4 
billing supervisor averred "that she is to receive the rare legal correspondence sent to her department and that she never received the present correspondence." WFMJ, at ¶ 20.
 {¶ 14} Here, City Concrete claims it was excusable neglect to not respond to the complaint as a non-employee received the complaint. John Annichenni, the president of City Concrete, stated that "They were not placed where I would expect matters which required me or others to contact our current business attorneys should be placed." While such an argument standing alone would constitute a reason for having a hearing to determine if the neglect constituted no excusable neglect contemplated by Civ.R. 60(B)(1), a hearing was not required under the facts of this appeal. That is, the need for a hearing was negated by the following admission by Mr. Annichenni: "* * * I may have learned of the receipt of a lawsuit or have been shown a complaint * * *." Accordingly, the complaint reached an appropriate party who could have acted upon the matter.
 {¶ 15} Excusable neglect is not present if the party could have prevented the circumstances from occurring. Vanest v. Pillsbury Co.
(1997), 124 Ohio App.3d 525, 706 N.E.2d 825. Thus, although this court may have come to a different conclusion in this case, it would be difficult to say that the trial court abused its discretion in concluding that it was not excusable neglect for City Concrete to fail to respond to a complaint once the president was aware of the filing of a lawsuit. Accordingly, this assignment of error is meritless.
 {¶ 16} As its second assignment of error, City Concrete claims:
 {¶ 17} "The trial court erred as a matter of law by denying City Concrete's Motion for Relief from Judgment without first holding an evidentiary hearing because City Concrete has sufficiently alleged operative facts to support a Civ. R. 60(B) claim."
 {¶ 18} This court explained the law regarding when a hearing is required in it's WFMJ decision, stating:
 {¶ 19} "The court can deny relief from judgment without a hearing if the motion fails to even allege sufficient operative facts. The court must hold a hearing where sufficient operative facts are alleged but are not believed by the court or are disputed by the other party. Hence, a hearing was only required where the court granted relief if: the facts *Page 5 
alleged support relief if believed and the plaintiff disputed the veracity of the facts alleged. The rationale behind this interpretation is that a court can apply law to facts without the need for a hearing; this is done as a matter of law. However, when facts are disputed by the parties or suspected by the court, the court must hold a hearing to evaluate credibility and weight." Id at 6.
 {¶ 20} Here, since the facts regarding the handling of the complaint were not disputed by Benesch, the trial court was not required to hold an evidentiary hearing. Accordingly, this assignment of error is also meritless. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1