[Cite as *Norman v. Hanoverton Motor Cars, Inc.*, 2012-Ohio-2697.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FAITH NORMAN AS POWER OF ATTY. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 CO 13 |
| | ) | |
| HANOVERTON MOTOR CARS, INC. | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Columbiana County, Ohio
Case No. 10CV415

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Atty. Tracey A. Laslo
325 East Main Street
Alliance, Ohio 44601

For Defendant-Appellant     Atty. C. Bruce Williams
Highland Corner
1376 East State Street
Salem, Ohio 44460

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 15, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Hanoverton Motor Cars, Inc., appeals from a Columbiana County Common Pleas Court judgment overruling its Civ.R. 60(B) motion for relief from a default judgment entered in favor of plaintiff-appellee, Faith Norman as Power of Attorney for James Norman.

{¶2} On April 29, 2010, appellee filed a complaint against appellant asserting that appellant fraudulently, and in contravention of its representations, failed to pay off a trade-in vehicle owned by appellee. Appellant's office manager signed the certified mail receipt for the complaint on May 13, 2010.

{¶3} Appellee filed a motion for default judgment on June 28, 2010, as appellant had not filed an answer. On July 2, 2010, the trial court granted default judgment against appellant in the amount of $18,750, plus interest.

{¶4} On October 15, 2010, appellant filed a motion for leave to answer instanter. In its motion, appellant asserted that it had just learned of the existence of the lawsuit. To its motion, appellant attached the affidavit of its office manager, Rhonda Phillips. Phillips averred that she may have signed for the certified mail and misplaced it and did not bring it to the attention of Don or Marilyn Hofmeister, appellant's owners.

{¶5} At the same time, appellant also filed a Civ.R. 60(B) motion for relief from judgment again asserting that Phillips lost the mail and appellant was just recently made aware of the lawsuit.

{¶6} Appellant's motion proceeded to hearing before a magistrate. The magistrate found that appellant did not present any evidence that it had a meritorious claim or defense to present. The magistrate went on to find that appellant did not meet the three-pronged test set out in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St. 2d 146, 351 N.E.2d 113 (1976). Therefore, the magistrate denied the Civ.R. 60(B) motion. The trial court entered judgment accordingly.

{¶7} Appellant then filed objections to the magistrate's decision asserting that (1) it was uncontroverted that it did not have actual knowledge of the lawsuit and

(2) it asserted both in its answer and at the hearing that it did not commit a fraudulent transaction against appellee, thus raising a possibly meritorious defense.

**{¶8}** The trial court considered the objections. It went on to find that appellant failed to prove excusable neglect or any other reason justifying relief from judgment. The court, therefore, denied the motion for relief from judgment.

**{¶9}** Appellant filed a timely notice of appeal on March 25, 2011.

**{¶10}** Appellant raises two assignments of error. These assignments of error raise the same argument. Therefore, we will address them together. They state:

THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION OF DECEMBER 28, 2010 AND DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B) WHEN THE MANIFEST WEIGHT OF THE EVIDENCE SUPPORTED THE CONCLUSION THAT APPELLANT'S EVIDENCE DEMONSTRATED EXCUSABLE NEGLECT JUSTIFYING RELIEF FROM JUDGMENT.

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B).

**{¶11}** Appellant first argues that it alleged two meritorious defenses. Additionally, it states that it also asserted in its answer that appellee could not demonstrate her claims within the standard of proof required.

**{¶12}** Second, appellant argues that it demonstrated excusable neglect. It notes that the complaint was signed for by its officer manager. The office manager then misplaced the complaint due to the rearranging of the office furniture and family health issues. Appellant asserts that it never had actual notice of the lawsuit until it received a copy of the default judgment by regular mail in late August/early September, at which time the owner contacted counsel who prepared an answer and a Civ.R. 60(B) motion.

**{¶13}** Finally, appellant argues that its motion was timely filed. It asserts that it filed the motion less than 45 days after receipt of the default judgment entry and less than three-and-a-half months after the court entered default judgment.

**{¶14}** The Ohio Supreme Court set out the controlling test for Civ.R 60(B) motions in *GTE*, 47 Ohio St.2d at paragraph two of the syllabus:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

**{¶15}** If the movant fails to satisfy any of the above elements, the court shall deny relief. *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984), citing *GTE*, at 151.

**{¶16}** The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. No. 21703, 2004-Ohio-2122, ¶9. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶17}** The trial court in this case found that appellant did not demonstrate excusable neglect or any other reason justifying relief from judgment and, therefore, did not satisfy the second *GTE* element.

**{¶18}** The second element of the *GTE* test requires that the moving party be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The grounds for relief under Civ.R. 60(B) and the second *GTE* element are:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶19} Appellant asserted that it was entitled to relief based on excusable neglect under Civ.R. 60(B)(1). In support, it offered the affidavit and testimony of office manager Rhonda Phillips and the testimony of Don Hofmeister.

{¶20} In her affidavit, Phillips averred that although she may have signed for certain mail during the spring and summer of 2010, she misplaced a number of items during this time due to changes in office furniture and her distraction over significant family issues including her granddaughter's hospitalization. (Phillips Aff. ¶3). She further averred that she was not consciously aware of any lawsuit having been filed against appellant nor did she bring any lawsuit to the attention of Don or Marilyn Hofmeister, appellant's owners. (Phillips Aff. ¶¶4-5). Phillips's testimony basically mirrored her affidavit.

{¶21} Hofmeister testified that he was not made aware of the lawsuit until October 2010. (Tr. 4). On cross examination, he testified that Phillips has the authority to sign for certified mail. (Tr. 5). He also stated that he did not receive any mail relating to this case. (Tr. 6-7). Finally, Hofmeister testified that he immediately contacted his attorney once he learned of the default judgment. (Tr. 7-8).

{¶22} The certified mail return receipt from the complaint shows that Philips signed for the complaint on May 13, 2010. The trial court entered default judgment on July 2. On July 20, the court sent a debtor disclosure form and order to complete

it to appellant by certified mail, which apparently was not signed for. On August 30, the court sent copies of the motion for default judgment, default judgment entry, motion for disclosure and judgment entry for disclosure by regular mail with certificate of mailing to appellant. Then on October 15, appellant filed its Civ.R. 60(B) motion.

**{¶23}** The Ohio Supreme Court has only defined "excusable neglect" in the negative. The Court has stated that neglect is not excusable if it is an act of complete disregard for the judicial system. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).

**{¶24}** In *Benesch, Friedlander, Coplan & Arnoff v. City Concrete, L.L.C.*, 7th Dist. No. 06-MA-95, 2007-Ohio-3331, we examined several cases where courts of appeals upheld the trial court's finding of excusable neglect when a complaint was served on someone at the defendant's place of business but was not forwarded to the appropriate person in the company. See *Perry v. General Motors Corp.*, 113 Ohio App.3d 318, 680 N.E.2d 1069 (1996); *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 607 N.E.2d 914 (1992); *Sycamore Messenger, Inc. v. Cattle Barons, Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1986).

**{¶25}** Yet in *Benesch*, we affirmed the trial court's finding of inexcusable neglect where the complaint was received by a non-employee and the defendant's president "may have" been aware of it. We noted that we were bound by the abuse of discretion standard of review.

**{¶26}** But in *WFMJ Television, Inc. v. AT&T Fed. Sys. CSC*, 7th Dist. No. 01-CA-69, 2002-Ohio-3013, this court affirmed the trial court's finding of excusable neglect where the complaint was received at the defendant's place of business but was not forwarded to the appropriate person. We stated that the case teetered on the border of inexcusable neglect. *Id.* at ¶22. Nonetheless, we concluded that regardless of whether we would have made the same decision, we would defer to the trial court and declined to find that it abused its discretion. *Id.*

**{¶27}** What these cases demonstrate is that there is a fine line between excusable and inexcusable neglect and the courts, including this court, must defer to

the trial court's determination on whether the neglect is excusable given our abuse of discretion standard of review.

{¶28} In this case the trial court found: "[R]earranging office furniture, not opening certified mail, or even the unfortunate illness of a family member is not deemed excusable neglect." It went on to point out that the complaint was served on May 13, 2010, and the motion for default judgment was not filed until June 28, 2010. Yet the motion for relief from judgment was not filed until October 15, 2010. The court found it significant that appellant failed to discover or take any action to correct its mistake during this time. Thus, the court concluded that the failure to answer the complaint arose from appellant's own carelessness and inattention.

{¶29} Given the fine line between excusable and inexcusable neglect and the trial court's reasoned decision, we cannot find that the court abused its discretion in finding no excusable neglect.

{¶30} The trial court did not abuse its discretion in finding that appellant did not meet the second *GTE* element. Because a movant on a Civ.R. 60(B) motion for relief from judgment must satisfy all three *GTE* elements in order to be entitled to relief, we must affirm the court's judgment denying appellant's motion for relief from judgment.

{¶31} Our review in this case is limited to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably. Given the court's reasoned decision, it clearly did not act arbitrarily or unconscionably. And when determining whether a court's decision is unreasonable, we must look at whether there is a sound reasoning process that would support the decision. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* Thus, although we may have reached a different conclusion in this case if we reviewed it de novo, we find that the trial court acted reasonably in issuing its decision. Because

the trial court in this case acted within its discretion in denying appellant's Civ.R. 60(B) motion, appellant's first and second assignments of error are without merit.

{¶32} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs in judgment only.