[Cite as *Provenzano v. Yarnish*, 2016-Ohio-7181.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LORI A. PROVENZANO | ) | CASE NO. 14 BE 0042 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MORA YARNISH, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common
Pleas of Belmont County, Ohio
Case No. 12 CV 0439

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellant: Atty. Theodore L. Tsoras
Tsoras Law Office
P.O. Box 150
54491 Lysien Road
Powhatan Point, Ohio 43942

For Defendants-Appellees: Atty. Douglas K. Fifner
Douglas K. Fifner Co. LPA
24441 Detroit Road #300
Westlake, Ohio 44145

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: September 30, 2016

WAITE, J.

**{¶1}** Appellant Lori A. Provenzano appeals an August 26, 2014 decision of the Belmont County Court of Common Pleas vacating its November 21, 2013 default judgment entry against Appellee Western United Insurance Co. ("Western United"). Two co-defendants, Mora A. Yarnish and Joseph Yarnish, were previously dismissed and are not involved in this appeal. Appellant argues that she properly obtained service on Western United because the company's statutory agent accepted service on its behalf by signing the certified mail return receipt instead of rejecting service, thus the trial court erroneously vacated judgment. Appellant also argues that the trial court improperly refused to strike Western United's sur-reply brief in which it raised a Civ.R. 60(B) argument for the first time. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** On October 6, 2010, Appellant was injured as a result of a car accident. The other driver was Mora Yarnish. At the time of the accident, Appellant had $50,000/$100,000 insurance limits plus UI/UIM insurance through Western United. On September 27, 2012, Appellant filed a complaint against Western United, Yarnish, and Yarnish's husband. For reasons not explained in the record, five months then elapsed. On April 1, 2013, the Clerk of Courts served the summons and complaint on CT Corporation System ("CT"), Western United's statutory agent. The summons and complaint, however, named Western Union as a party defendant instead of Western United. The summons and complaint were subsequently returned to Appellant along with a letter from CT stating that Western Union was not listed on

their record as a client. Appellant filed an amended complaint on April 9, 2013, this time accurately naming Western United as the defendant. Although the amended complaint correctly named Western United, the envelope and summons still were addressed to Western Union. The amended complaint was served on CT on April 17, 2013.

{¶3} Subsequently, CT sent Appellant's attorney a second rejection letter stating "n/a is not listed on our records or on the records of the State of OH." However, in the reference section of the letter, the following appeared: "Re: Lori A. Provenzano, Pltf. vs. Mora A. Yarnish, et. al. including Western *United* Insurance Company, etc., Dfts." (Emphasis added.) (4/16/13 Rejection Letter.) Western United did not file an answer to the amended complaint.

{¶4} On November 21, 2013, Appellant voluntarily dismissed Mora Yarnish after the parties settled for the full policy limits of $100,000. Yanrish's husband was later voluntarily dismissed. The trial court also granted Appellant's motion for default judgment against Western United. After a damages hearing, the trial court entered a $729,796.96 judgment against Western United. Appellant's counsel sent Western United's counsel a motion for pretrial interest, which then alerted Western United to the existence of the lawsuit.

{¶5} On July 25, 2014, Western United filed a motion to vacate the default judgment. The trial court held a hearing on August 25, 2014. The trial court determined that Western United was not properly served and did not receive notice of the complaint based on CT's failure to forward the complaint to Western United. The

trial court vacated the default judgment on this basis. The court ruled that Western United, having now made an appearance, was a party defendant moving forward. This timely appeal followed. On September 22, 2014, the trial court dismissed Appellant's amended complaint pursuant to Civ.R. 12(B)(6). The Civ.R. 12(B)(6) dismissal is not the subject of this appeal.

**{¶6}** Appellant raises three assignments of error on appeal. For ease of understanding, Appellant's assignments of error are discussed slightly out of order.

<u>FIRST ASSIGNMENT OF ERROR</u>

THE TRIAL COURT'S FINDING THE APPELLEE WAS NOT SERVED WITH THE AMENDED COMPLAINT WAS AN ABUSE OF DISCRETION.

**{¶7}** "[S]ervice of the summons and complaint required to initiate a lawsuit must satisfy '[a]n elementary and fundamental requirement of due process,' which is, 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. No. 11 MA 82, 2013-Ohio-1280, ¶ 17, citing *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "[U]nless service has been properly made or the party has otherwise waived service by appearing in the lawsuit, no judgment may be entered against him." *Spotsylvania* at ¶ 20. A trial court's decision to vacate a

judgment is reviewed for an abuse of discretion. *Ross v. Olsavsky,* 7th Dist. No. 09 MA 95, 2010-Ohio-1310, ¶12

**{¶8}** Appellant contends that the trial court abused its discretion in finding that Western United was not properly served with the April 9, 2013 amended complaint. Appellant argues that a presumption of proper service is created when service is directed to the appropriate statutory agent and is "reasonably calculated" to reach the intended party. Here, Appellant argues that service was directed to CT, Western United's statutory agent, where it was reasonably calculated to reach Western United. Appellant urges that Western United has failed to produce any evidence to rebut this presumption. Appellant concedes that when the second attempted service was made, the summons and envelope erroneously were addressed to the business entity Western Union. However, Appellant argues that the amended complaint was sufficient to place CT on notice that service was directed at Western United. Appellant argues that this is supported by CT's mention of Western United in the reference section of its rejection letter. Regardless, Appellant argues that CT failed to properly reject service and admittedly signed the certified mail return receipt for service.

**{¶9}** In response, Western United asserts that the rebuttable presumption only arises when service complies with the Ohio Rules of Civil Procedure, which did not occur in this case. Western United argues that the summons and envelope for the amended complaint was addressed to the business known as Western Union, not to Western United. Even if the rebuttable presumption applied, here, Western United

argues that the evidence, which includes Mr. Wright's testimony and the court's docket, is sufficient to defeat the presumption. As CT serves as the statutory agent for hundreds of companies, Western United argues that it is impractical to place the burden on them to search through the body of the amended complaint, which often includes numerous defendants, in order to determine if any party to the suit is a CT client.

**{¶10}** Generally, " 'a trial court is without jurisdiction to render a judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings,' and '[a] person against whom such judgment and findings are made is entitled to have the judgment vacated.' " *Taylor v. Herring*, 7th Dist. No. 12 CO 49, 2014-Ohio-5638, ¶ 9, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990).

**{¶11}** Civ.R. 4.2(F) allows service "[u]pon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation."

**{¶12}** "[A] party who asserts that the court lacked personal jurisdiction over the party because service of process was not proper need not establish the requirements of Civ.R. 60(B)." *Kostoglou v. D&A Trucking & Excavating, Inc.*, 2007-Ohio-3399, ¶ 17, citing *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 123, 601 N.E.2d 138 (6th Dist.1991). This is because "[a] court has the inherent power to

vacate a void judgment." *Williams* at *3, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus.

**{¶13}** Here, service on Western United was attempted twice. It is undisputed by both parties that the first attempt at service was improper. The dispute arises as to whether the second attempt was proper. When the second attempt at service reached CT, the amended complaint correctly named Western United as the defendant. However, the summons and envelope were still incorrectly addressed to Western Union.

**{¶14}** We begin with the presumption that service is proper when it is reasonably calculated "under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mitchell v. Mitchell,* 64 Ohio St.2d 49, 51, 413 N.E.2d 1182 (1980), citing *Mullane*, *supra*. In examining the circumstances here, we first look to the service documents. Western United argues that CT does not read the actual amended complaint when directing service, but concedes that CT's April 16, 2013 rejection letter included a referenced to Western United. From this, it is reasonable to assume that CT was at least generally aware that Appellant was attempting to serve Western United.

**{¶15}** In addition to mentioning the correct party in the rejection letter, a CT employee signed the certified mail return receipt. Pursuant to Civ.R. 4.1(A), "service of process via certified mail is evidenced by a return receipt signed by any person."

(Emphasis deleted.) *Ross, supra*, ¶ 13. As such, the return receipt, here, is certainly evidence of service on CT.

{¶16} Finally, we look to CT's actions in rejecting service. Pursuant to Civ.R. 4.6(C),

> If attempted service of process by United States certified or express mail * * * within or outside the state is refused, and the certified or express mail envelope * * * shows such refusal * * * the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket.

{¶17} Here, CT did not mark "refused" on the envelope. Instead, CT wrote a letter to Appellant rejecting service. Appellant admits she received this letter, but notes that the reference section correctly mentioned Western United. The court's docket also reflected that CT signed the return receipt for service and did not show refusal of service. Based on this, Appellant argues that Western United failed to properly reject service. However, Civ.R. 4.6(C) does not mandate that the only means to reject service is to refuse to sign for certified mail and mark refused on the envelope. Looking at the language of the rule, it says essentially that if "the certified * * * envelope * * * shows such refusal" the clerk "shall" notify the party or their counsel. It does not, however, explicitly state that this MUST be done in order to properly reject service. While certainly such refusal is the best practice, eliminating the confusion created here because the clerk's office had no indication that service

was, in fact, refused, it does not appear that the rule limits refusal of service only to this procedure. Arguably, the person CT has assigned to its intake desk and who signs for mail on behalf of hundreds of CT clients probably should check a client list before signing for certified mail, but it is not inconceivable that a clerk may not do so, necessitating the later form letters that CT utilized to return both attempts at service to Appellant. Because the rule does not clearly restrict refusal of service to only the methods contained in the rule and because service was clearly directed to Western *Union*, we cannot say that service on Western United was perfected. Hence, we find no merit in Appellant's first assignment.

**{¶18}** Alternatively, the trial court additionally granted Western United's motion based on Civ.R. 60(B) grounds. Because this record reflects ambiguities on the issue of service, we will address the Civ.R. 60(B) concerns.

<u>THIRD ASSIGNMENT OF ERROR</u>

THE TRIAL COURTS DENYING APPELLANT'S MOTION TO STRIKE APPELLEE'S REPLY BRIEF WAS AN ABUSE OF DISCRETION.

**{¶19}** Appellant claims here that Western United's request for Civ.R. 60(B) relief was not properly raised. Before we can address the merits of the trial court's decision to vacate, we must first address this threshold question.

**{¶20}** Appellant contends that Western United raised its Civ.R. 60(B) argument for the first time within its sur-reply brief. Because the argument was not raised in Western United's original brief, Appellant argues that the trial court erroneously failed to strike Western United's sur-reply brief. Appellant argues that

this error was compounded because not only did Western United fail to raise Civ.R. 60(B) arguments in its initial brief, it did not file its sur-reply brief until 3:10 p.m. on the Friday before the following Monday's 8:30 a.m. scheduled hearing, leaving Appellant with insufficient time to address this issue.

**{¶21}** In response, Western United argues that it raised its Civ.R. 60(B) arguments within its initial brief. Additionally, the trial court informed the parties that it intended to hold a "full-scale evidentiary hearing" and wanted to hear all arguments based on fundamental fairness, thus used its discretion in accepting the sur-reply brief. (Appellee's Brf., p. 27.)

**{¶22}** "The determination of a motion to strike is vested within the broad discretion of the court." *In re J.H.*, 7th Dist. No. 10 JE 15, 2011-Ohio-6536, ¶ 30, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 26. As such, a trial court's decision on a motion to strike will not be disturbed unless an abuse of that discretion is shown. *Id.*

**{¶23}** Western United correctly notes that its Civ.R. 60(B) arguments were raised in its original brief. Although Western United's primary arguments were centered on a trial court's inherent ability to vacate a judgment, Western United did raise Civ.R. 60(B) arguments in its original brief. The trial court had discretion to accept Western United's sur-reply brief and there is nothing within this record to allow us to find that the trial court acted unreasonably, arbitrarily, or unconscionably. Accordingly, Appellant's third assignment of error is without merit and is overruled.

## SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT WAS AN ABUSE OF DISCRETION.

**{¶24}** Appellant contends that Western United failed to demonstrate that it was entitled to relief under any of the Civ.R. 60(B) categories. As Civ.R. 60(B)(2), (3), (4) are inapplicable, Western United was required to present evidence that it was entitled to relief pursuant to Civ.R. 60(B)(1) or (B)(5). Appellant argues that Civ.R. 60(B)(1) does not apply, here, as CT's insufficient or negligent internal policies do not demonstrate mistake, inadvertence, surprise, or excusable neglect. Appellant additionally argues that Western United cannot show that it did not receive notice of the lawsuit, thus cannot succeed under Civ.R. 60(B)(5).

**{¶25}** Western United responds by arguing that it was entitled to relief pursuant to Civ.R. 60(B)(1), (3) and (5). As to Civ.R. 60(B)(1), Western United argues that its statutory agent's handling of the service is attributable to excusable neglect. In regard to Civ.R. 60(B)(3), Western United argues that Appellant's $729,000 default judgment is well above the policy limit of $50,000, thus was fraudulently obtained. Western United explains that Appellant settled her claims against co-defendant Yarnish for $100,000 and Appellant was only entitled to UM/UIM payment if Yarnish was uninsured, underinsured, or did not have liability limits in excess of Appellant's UM/UIM coverage. Thus, Western United argues that Appellant is not entitled to any recovery, but even if she were, she is limited to $50,000. Finally, Western United contends that it is entitled to relief pursuant to

Civ.R. 60(B)(5) based on fundamental fairness. Citing *Rafalski v. Oates,* 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984), Western United argues that failure of service has been held to be a reason for relief pursuant to Civ.R. 60(B)(5).

**{¶26}** Pursuant to Civ.R. 55(B), a court is empowered to set aside a default judgment in accordance with Civ.R. 60(B).

> To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Appellant concedes that the sole issue, here, is whether Western United is entitled to relief under one of the grounds stated in Civ.R 60(B)(1) through (5).

**{¶27}** To be entitled to relief pursuant to Civ.R. 60(B)(1), Western United was required to show mistake, inadvertence, surprise, or excusable neglect. Courts have defined the elusive concept of excusable neglect in the negative: "neglect is not excusable if it represents complete disregard for the judicial system." *WFMJ Television, Inc. v. AT&T Fed. Systems CSC*, 7th Dist. No. 01 CA 69, 2002-Ohio-3013, ¶ 17. A reviewing court must take into consideration all surrounding facts and

circumstances. *Id.* A trial court's ruling on a Civ.R. 60(B) motion is reviewed for an abuse of discretion. *Norman v. Hanoverton Motor Cars, Inc.,* 7th Dist. No. 11 CO 13, 2012-Ohio-2697, ¶ 16. "[W]hen determining whether a court's decision is unreasonable, we must look at whether there is a sound reasoning process that would support the decision. *Id.* at ¶ 31.

{¶28} We have already determined that Appellant did not obtain proper service on Western United. However, it is apparent that Western United's agent, CT, had some idea that the suit, while addressed to Western Union, was aimed at Western United. Based on this, Appellant believes that CT had a duty to forward her complaint to Western United. We have previously addressed the issue of whether the failure of an employee to forward a complaint to the proper person constitutes excusable neglect in a series of cases. In *WFMJ, supra,* the plaintiff mailed a complaint to the defendant's mailroom; however, the employees in that room failed to forward the complaint to the appropriate person. After the defendant failed to file an answer, the trial court granted the plaintiff's motion for default judgment. While acknowledging that the failure of an employee to forward a complaint to the proper person "teeters on the verge of inexcusable neglect," we recognized that the trial court has wide discretion in such matters and affirmed the court's finding of excusable neglect. *Id.* at ¶ 22.

{¶29} In 2007, we again addressed the issue in *Benesch, Friedlander, Coplan, and Arnoff v. City Concrete,* 7th Dist. No. 06 MA 95, 2007-Ohio-3331. In *Benesch,* the plaintiff sent the complaint to the defendant's place of business and it

was signed for by a temporary employee of a company that shared office space with the defendant. The complaint was not forwarded to anyone in defendant's company, but the president of the defendant's company was informed about the complaint. The court granted the plaintiff's motion for default judgment and, later, denied the defendant's Civ.R. 60(B) motion. We held that, although the failure to forward a complaint to the proper person could be excusable neglect, the trial court did not abuse its discretion when it held there was no excusable neglect because the appropriate party had knowledge that the complaint had been received.

{¶30} More recently, we addressed the issue in *Norman, supra.* In *Norman,* the defendant's office manager signed the return receipt for the complaint, but lost it while rearranging office furniture. Consequently, the defendant failed to answer the complaint. The trial court granted the plaintiff's motion for default judgment. We affirmed the trial court's finding of inexcusable neglect and noted that "there is a fine line between excusable and inexcusable neglect and the courts, including this court, must defer to the trial court's determination on whether the neglect is excusable given our abuse of discretion standard of review." *Id.* at ¶ 27.

{¶31} Here, the trial court found Western United's neglect through its agent CT, if any, to be excusable given the confusion surrounding both service attempts. The court further explained that it is impracticable to require a statutory agent who represents hundreds of clients to analyze every pleading and determine to which client service is directed when the correct name does not appear on the envelope or the summons. As the trial court was well within its discretion in so ruling based on

the facts of this matter, we defer to the trial court's decision. Accordingly, Appellant's second assignment of error is without merit and is overruled.

## Conclusion

**{¶32}** While Western United's statutory agent did not strictly follow the Civil Rules in rejecting service, the manner in which they did reject service cannot be said to be unlawful, as the rules do not mandate only one type of rejection. Despite the fact that the statutory agent rejected service of the amended complaint, it is clear from the record that the agent had some idea as to the correct party Appellant was trying to serve. Despite this, the trial court was within its power to grant a motion to vacate by Western United, who was never notified of the attempts at service. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.